[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a new trial pursuant to C.G.S. 52-270 on the grounds of newly discovered evidence. He alleges that the state's attorney, Anne Mahoney, who prosecuted his criminal case failed to disclose exculpatory information which she had before the trial which failure resulted in prosecutorial misconduct.
On September 26, 1997 a jury returned a guilty verdict CT Page 6157 against the petitioner for sexual assault in the first degree in violation of C.G.S. 53a-70 (a)(2), two counts of sexual assault in the first degree in violation of C.G.S. 53a-71 and risk of injury to a minor in violation of C.G.S. 53-21. The petitioner's conviction arose from three alleged incidents of consensual sexual intercourse with a female minor during the time period of June to December 1994. During the trial the minor was unable to testify as to the exact dates of the alleged incidents. She did recall an alleged telephone conversation with the petitioner which she had noted in her diary. She testified that on the occasion of the telephone conversation, a mutual friend, Shawn Diaz, was over at the petitioner's house. She testified that when she and the petitioner talked by themselves, he was very nice and talked in regular conversation but when Shawn was there, he was swearing at her. It is the claim of the petitioner that prior to trial Ms. Mahoney interviewed Shawn at his home in the presence of his mother and asked him if he had been present with the petitioner while he was speaking to the minor victim on the telephone and that after his denial, it was not disclosed to the petitioner. During the trial the petitioner had testified that the alleged sexual incidents never occurred, that he engaged in no telephone conversations with the victim and that she had not been in his house after 1992. Although Shawn was called by the state as a rebuttal witness, he was not asked any questions concerning being present during a telephone conversation which the petitioner received from the minor. It is the claim of the petitioner that the failure to disclose this information to the petitioner deprived him of impeachment evidence of the sole accusing witness.
The petitioner called the both Shawn and his mother who testified that Anne Mahoney had come over to their home a Saturday morning during the trial to discuss the case. As part of such discussion she asked Shawn whether he was present during a telephone conversation the petitioner had with Julie. His response was negative. On the following Thursday when Shawn was called as a witness, he was not asked that question. The respondent called Anne Mahoney who testified that on the Saturday morning in question she met with Shawn with his mother to learn what Julie had told him concerning her relations with the petitioner and how often he was in and how familiar he was with the petitioner's house. She did not ask him if he had been with the petitioner when he was talking to Julie on the telephone. She had decided that because of his obvious friendship with the petitioner as a neighbor that she would not call him in her CT Page 6158 direct case but only, if at all, as a rebuttal witness.
The petitioner must demonstrate, by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial. Asherman v. State,202 Conn. 429, 434. The evidence offered here could have been readily discovered at least at the time of trial. Julie being the first witness testified in essence that she believed by the petitioner's attitude towards her on the alleged phone call that Shawn Diaz was in the petitioner's presence because the petitioner was not being nice to her as he would if Shawn was not present. Shawn was available at the time of trial having been called as the State's rebuttal witness. The evidence would not be material since it would have no impeachment force in that Julie did not testify that she saw or heard Shawn during the telephone conversation, nor that his name was even mentioned. The evidence would be unlikely to produce a different result in a new trial. The testimony of the victim was consistent with the constancy of accusation witnesses, with her description of the petitioner's bedroom and the layout of his home which Trooper MacLean testified as accurately made even though the petitioner denied she was in his home after the one occasion prior to 1992, and the first sexual encounter having been admitted by the petitioner to his friend, Mark Trudel.
For the above reasons the petitioner is denied.
Corrigan, JTR